**FILED**
**U.S. District Court**
**District of Kansas**
06/01/2026

**Clerk, U.S. District Court**
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LARRY E. GATLIN, III,

                       **Petitioner,**

    v.                                        **CASE NO. 26-3142-JWL**

CANDICE ALCARAZ, ET AL.[1],

                       **Respondents.**

**MEMORANDUM AND ORDER**

Petitioner Larry E. Gatlin, III, who is currently incarcerated at the Wyandotte County Detention Center, brings this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) He has filed a motion for leave to proceed in forma pauperis (Doc. 3), which will be granted. For the reasons explained below, the petition in this matter is subject to dismissal in its entirety. Petitioner will be granted time to file a complete and proper amended petition that cures the deficiencies identified below.

**Rule 4 Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("the Habeas Rules") requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Rule 1(b) of the Habeas Rules authorizes

---

[1] Petitioner has named Kansas District Judges Candice Alcaraz and Stacy Donovan as Respondents in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Daniel Soptic, the Sheriff of Wyandotte County, Kansas, where Petitioner currently is confined in the Wyandotte County Detention Center, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

district courts to apply the Habeas Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

To obtain federal habeas corpus relief, a state prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 commonly "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019). It may also be used to seek "to compel the State to bring [a pretrial detainee] to trial." *See Smith v. Crow*, 2022 WL 12165390, at *2 (10th Cir. Oct. 21, 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893-94 (10th Cir. 1977),which was discussing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973)).

The petition in this matter is difficult to understand. Petitioner has used the required, court-approved form for filing a petition under 28 U.S.C. § 2241, but it does not seem that he seeks to compel the state to bring him to trial or that he intends to attack the execution of a sentence imposed by a state court. At various points in the petition, he refers to multiple state criminal cases, asserts that he is a "witness to a Federal Investigation" related to a federal civil case, claims that he was arrested for a traffic violation that allegedly occurred on a day he was not pulled over, and alleges that law enforcement have followed and harassed him. (Doc. 1, p. 1-2.) Petitioner further asserts that the Executive Branch is retaliating against and extorting foreign students of political science

2

and he indicates that he seeks to challenge his pretrial detention, his immigration detention, and disciplinary proceedings. *Id.* at 2-3.

As Ground One, Petitioner states: "18 U.S.C. § 1514 civil action code to prevent pretrial Harassment against victims and extreme Malicious police conduct is not a government Authority 1512 1215 adverse effects against witnesses willingness to testify or participate in Federal Investigation Inflicted Emotion Stress by Intimidation or Retaliation." (Doc. 1, p. 7 (all errors in original).) As the supporting facts for Ground One, Petitioner alleges:

> In September I was followed home by a Lawrence PD police officer [and] aimed at. I asked what he was doing with the search light on my car [and] he didn't respond. I had to hide behind my car until[] he left. I was charged the next day with criminal threat [and] my self[-]defense/Hunting Rifle was seized by SWAT. I was forced to endure felony proceedings that violated a no police contact order of protected witness class.

*Id.*

Grounds Two, Three, and Four of the petition are similarly difficult to decipher. *Id.* at 7-8. As relief, Petitioner seeks "permanent protection" from a named prosecutor in Douglas County, Kansas and three named members of the Wyandotte County Sheriff's Department. *Id.* at 8. He asks the Court to "overtake" jurisdiction in all cases in which he is being politically prosecuted and order him released from state custody. *Id.* Petitioner asks to be given federal witness protection until the final judgment is entered in *Jackson v. Lockridge, et. al*, Case No. 25-cv-3013-EFM-JBW, a case involving his family and which he appears to identify as being the cause of at least some of the harassment he has experienced. *Id.* Finally, Petitioner seeks $750,000.00 in compensatory damages. *Id.*

## Analysis

Rule 2(c) of the Habeas Rules states:

> The petition must:

3

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The United States Supreme Court has explained that "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted'" or whether the petition should be summarily dismissed under Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citing 28 U.S.C. § 2243). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citing Habeas Rule 5(b)). This requires the allegations to be clear enough that the respondent will be able to address them.

The petition in this matter fails to comply with Rule 2(c), leaving this Court unable to determine the precise claims Petitioner wishes to assert in this matter. The allegations in the petition relate to a broad scope of topics, do not clearly allege a constitutional violation, and do not clearly challenge the execution of a sentence or seek to compel the State to bring Petitioner to trial. The Court cannot determine from the petition now before it whether Petitioner has a claim that could entitle him to federal habeas relief, so it is unable to conduct a meaningful Rule 4 review. Similarly, the petition is not clear enough for Respondent to be able to address the allegations therein if the Court were to order an answer.

In addition, it appears that at least some of the claims Petitioner may intend to assert are not properly brought under 28 U.S.C. § 2241 and   at least some of the relief Petitioner seeks is

4

not available under 28 U.S.C. § 2241. As noted above, § 2241 petitions may be used to attack the execution of a sentence or to compel the State to bring a pretrial detainee to trial. *See Sandusky*, 944 F.3d at 1246; *Smith*, 2022 WL 12165390 at *2. To obtain relief under § 2241, Petitioner must show that he is in custody in violation of a federal law, federal treaty, or the federal Constitution. Claims other than this generally may not be pursued under 28 U.S.C. § 2241. Similarly, Petitioner seeks money damages, but money damages are not available in an action brought under § 2241; the relief available in a § 2241 action is the prisoner's immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

### Amended Petition Required

For the reasons explained above, the Court concludes that this matter cannot proceed unless Petitioner files a complete and proper amended petition on the required court-approved form. The Court will therefore grant Petitioner to and including **July 1, 2026** in which to file an amended petition. The Court will direct the clerk to provide Petitioner with the necessary forms and instructions.

If Petitioner submits an amended petition, it must be on the court-approved forms and must be complete in and of itself. The amended petition may not refer back to the initially filed petition or attempt to incorporate by reference the initial petition or any other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must ensure that any amended petition he files contains only grounds for relief properly asserted under 28 U.S.C. § 2241.

Petitioner must include the case number of this action (26-3142) on the first page of the amended petition. If Petitioner submits an amended petition on the appropriate form, the Court

will proceed with an initial Rule 4 review of the amended petition. If the amended petition fails to comply with Rule 2(c), this matter will be dismissed without prejudice and without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Daniel Soptic, Sheriff of Wyandotte County, Kansas, where Petitioner is confined in the Wyandotte County Detention Center, is substituted as the sole Respondent in this matter.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 3) is **granted.**

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **July 1, 2026**, in which to file an amended petition that complies with the requirements set forth in this order. If Petitioner fails to timely file an amended petition that does so, this matter will be dismissed without prejudice and without further prior notice to Petitioner. The clerk is directed to provide the appropriate form to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 1st day of June, 2026, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge