**FILED**
**U.S. District Court**
**District of Kansas**
07/17/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LARRY E. GATLIN, III,

Petitioner,

v.                                                    CASE NO. 26-3142-JWL

DANIEL SOPTIC,

Respondent.

## MEMORANDUM AND ORDER

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner and state pretrial detainee Larry E. Gatlin, III, who is currently incarcerated at the Wyandotte County Detention Center in Kansas City, Kansas. (Doc. 1.) The Court screened the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("the Habeas Rules") and concluded that it was subject to dismissal in its entirety.

Thus, on June 1, 2026, the Court issued a memorandum and order ("M&O") explaining that the petition failed to comply with Habeas Rule 2(c) because, even liberally construing the petition, the Court could not determine the precise claims Petitioner intended to assert. (Doc. 5, p. 3-4.) The M&O also pointed out that at least some of the claims Petitioner might be trying to assert are not properly brought under 28 U.S.C. § 2241. *Id.* at 4-5. The Court therefore granted Petitioner time to file an amended petition that complies with Habeas Rule 2(c) and includes only claims properly brought under § 2241. *Id.* at 6,

Petitioner timely filed an amended petition (Doc. 11), which the Court screened under Habeas Rule 4. On June 18, 2026, the Court issued a memorandum and order to show cause ("MOSC") explaining that although the amended petition complied with Habeas Rule 2(c), it raised only claims that must be brought under 42 U.S.C. § 1983 and cannot be brought under 28

1

U.S.C. § 2241. (Doc. 12, p. 3-8.) Additionally, to the extent that the amended petition briefly referred to unconstitutional acts in Petitioner's ongoing state-court criminal case, the Court explained that the general principles of abstention would require it to refrain from hearing such claims at this time. *Id.* at 8-9. Because all five of Petitioner's claims in the amended petition must be brought in a civil action under 42 U.S.C. § 1983, the Court granted Petitioner time to show cause in writing why this federal habeas case should not be dismissed. *Id.* at 9-10.

This matter comes now before the Court on Petitioner's response to the MOSC. (Doc. 15.) Therein, Petitioner explains in great detail his working relationship with the federal government, his belief that he is entitled to federal protection and diplomatic immunity, and how his presence is required to assist international relations. *Id.* Even liberally construing the response, as is appropriate because Petitioner proceeds pro se, Petitioner has not explained why his conditions of confinement claims may be brought in this federal habeas action. Thus, as set forth in the MOSC, this federal habeas action be dismissed "because it plainly appears from the amended petition that Petitioner is not entitled to federal habeas relief under 28 U.S.C. § 2241." (*See* Doc. 12, p. 9.)

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial

2

of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed with prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 17th day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

3